**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4829**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

JEREMY DAVIS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:18-cr-00628-JMC-8)

Submitted:  April 9, 2021                         Decided:  April 16, 2021

Before MOTZ, AGEE, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Mackenzie, BARRETT MACKENZIE, Greenville, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Katherine Hollingsworth Flynn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Davis appeals the district court's judgment and sentence after accepting his guilty plea to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. On appeal, he contends that the district court erred in granting the Government's motion to hold him in breach of the plea agreement by clearly erring in its factual findings and failing to properly consider the materiality of his breach. We affirm.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). "While we employ traditional principles of contract law as a guide in enforcing plea agreements, we nonetheless give plea agreements greater scrutiny than we would apply to a commercial contract because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement." *Id*. (internal quotation marks omitted).

The party alleging a breach of the plea agreement must establish that breach by a preponderance of the evidence. *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). When the breach is material, the injured party may suspend performance and cancel the agreement. *United States v. Scruggs*, 356 F.3d 539, 543 (4th Cir. 2004). "Central to [the] determination of the materiality of a breach is the extent to which the injured party will be deprived of the benefit which he reasonably expected." *United States v. Warner*, 820 F.3d 678, 684 (4th Cir. 2016) (internal quotation marks omitted). "[T]he standard for assessing the reasonable expectations of the parties is an objective one, and so [the defendant's]

2

subjective beliefs about the utility of his cooperation is simply not relevant to our inquiry." *Scruggs*, 356 F.3d at 544 (internal quotation marks omitted).

"When a claim of breach of a plea agreement has been preserved, we review the district court's factual findings for clear error and its application of principles of contract interpretation de novo." *United States v. Lewis*, 633 F.3d 262, 267 (4th Cir. 2011) (internal quotation marks omitted). "We review an alleged error that was not properly preserved for plain error only." *Id.* (citation omitted). "A finding that the defendant breached a plea agreement by failing to sufficiently cooperate with the Government is factual in nature, and we review it for clear error." *United States v. Chase*, 466 F.3d 310, 314 (4th Cir. 2006) (citation omitted). "Questions regarding how a plea agreement should be interpreted are legal questions, which we review de novo." *Id.* (citation omitted).

Davis first contends the district court clearly erred in making three factual findings, but two of his claims are not about any findings made by the court but are arguments made for the first time on appeal about facts that he now claims the court should have considered. We have reviewed the record and Davis' arguments, and we find no clear error by the court. He also contends the court clearly erred in finding he was not taking his medications in the days leading up to the polygraph examination that the Government scheduled.

On the day of the examination, Davis claimed he could not sign the consent form, which was a prerequisite for the examination, because he was taking medication; and the form required him to certify that he had no condition that could impair the examination. However, based on the plain language of the form and testimony from the examiner, the district court found the form did not require him to make that certification; and his reading

3

of the form was unreasonable.  Moreover, the court found that his asserted justification for refusing to sign the form was also "at best, an unreliable justification," since prison records showed that he was not "continually taking" his medications "in the days leading up to the polygraph examination."  We have reviewed the records and find no clear error.

Finally, Davis contends the district court did not properly consider the materiality of his breach, since he claims "[t]he Government suffered no loss because of Davis's not taking a polygraph examination."  We have reviewed the record and conclude that Davis seeks to "improperly shift the focus from the benefits the Government reasonably expected from the plea agreement" to his "perception of the possible utility of these benefits to the Government," *Scruggs*, 356 F.3d at 544; and the court did not err in finding his breach was material, since he deprived the Government of a polygraph examination, i.e., the benefit of its bargain, which it reasonably expected based on his promise in the plea agreement.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*